Richard D. Lyons   (SBN 020558)
**RICHARD D. LYONS, PLC**
16427 North Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (480) 471-5615
Facsimile: (480) 443-8854
Email: RLyons@lyonsfirm.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Bergstrom on behalf of the statutory beneficiaries of her deceased husband George Bergstrom, <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Civil Action No. <br><br><br> **COMPLAINT** |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Through undersigned counsel, for her Complaint against Defendant the United States of America, Plaintiff Tracy Bergstrom ("Tracy") alleges as follows:

**INTRODUCTION**

1. This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for negligence, professional malpractice and wrongful death in connection with medical care provided to George Bergstrom ("George"), who is now deceased, by the Department of Veterans Affairs at the Prescott VA Medical Center.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation to George's family as a result of his wrongful death, as caused directly by the Defendant's negligence.

3. Tracy and George had two minor sons, Dalton Bergstrom ("Dalton") and

Marshall Bergstrom ("Marshall"). Tracy, Dalton, and Marshall have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Tracy's Standard Form 95 is attached hereto as Exhibit "A"; Dalton's Standard Form 95 is attached hereto as Exhibit "B", and Marshall's Standard Form 95 is attached hereto as Exhibit "C." Each and every demand for relief contained in those Standard Form 95's is hereby reasserted.

4. This suit has been timely filed, in that Tracy, Dalton, and Marshall, as George's other statutory beneficiaries timely served notice of their claims of George's wrongful death on both the Department of Veterans Affairs and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5. Tracy, Dalton, and Marshall now file this Complaint pursuant to 28 U.S.C. § 2401(b) with six months having passed since service of notice of their administrative claims for George's wrongful death on the Department of Veterans Affairs, and the Department of Veterans Affairs having refused to compensate George's surviving family members as they demanded.

6. This action is brought for wrongful death pursuant to A.R.S. §12-611 et seq.

## PARTIES, JURISDICTION AND VENUE

7. George died on April 27, 2014

8. Tracy is George's surviving wife; Dalton and Marshall are George's two surviving sons.

9. Tracy, Dalton and Marshall (collectively, "the Bergstrom Family") are George's only surviving statutory beneficiaries pursuant to A.R.S. §12-612.

10. Tracy brings this action on behalf of all statutory beneficiaries pursuant to *Wilmot v. Wilmot*, 58 P.3d 507, 203 Ariz. 565 (2002).

11. At all times relevant, the Bergstrom Family members were residents of Maricopa County, Arizona.

12. Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Center located at 500 AZ-89, Prescott, Arizona 86313.

13. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Prescott VA Medical Center are hereinafter collectively referred to as the "Prescott VA."

14. At all times relevant to this Complaint, the Prescott VA held themselves out to George and the Bergstrom Family as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like George.

15. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under *respondeat superior* and principles of agency.

16. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1), as the damages claimed exceed the minimum amount in controversy of $75,000.00.

17. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Arizona.

**FACTUAL ALLEGATIONS**

18. George was a proud veteran of the Vietnam War.

19. In 2008, George was diagnosed with hepatitis C.

20. In 2009, George sought treatment for his hepatitis C from the Prescott VA.

21. In 2009, the Prescott VA became responsible for monitoring and treating George's hepatitis C.

22. When the Prescott VA became responsible for George's care in 2009, the standard of care required that George's care providers at the Prescott VA provide him with routine drug therapy.

23. The Prescott VA refused to provide George with this routine drug therapy for his hepatitis C, in violation of the standard of care.

24. In 2009, George's hepatitis C was in a treatable state such that providing this routine drug therapy likely would have arrested the disease's progression, and

3

George's life would have been extended by many years.

25. In 2009, the standard of care for treating hepatitis C also included conducting regular imaging studies, so the disease's progression could be monitored and the appropriate intervention timely provided.

26. The Prescott VA refused to provide George with these routine imaging studies.

27. Had such imaging studies been performed, George's care providers likely would have determined that surgical intervention was appropriate at a certain stage in the disease's progression; surgical intervention likely would have occurred; and George's life likely would have been extended by many years.

28. Instead of providing this routine, standard of care treatment and monitoring for George's hepatitis C in 2009, the Prescott VA refused to provide George with any actual treatment whatsoever for about three years.

30. Instead of providing these generally accepted drug therapies and monitoring for his hepatitis C, the Prescott VA instead promised George that when a new class of drugs was approved by the FDA, George would receive those drugs.

31. When the drugs finally received FDA approval in 2012, the Prescott VA advised George that he had grown too old to receive them.

32. Later in 2012, the Prescott VA finally saw fit to refer George to the Phoenix VA. Unfortunately, ultrasounds and other data confirmed that George's hepatitis C had advanced to where it was now untreatable either by drug therapy or surgical intervention.

33. George died from his untreated disease on April 27, 2014.

## CAUSES OF ACTION
### COUNT I — NEGLIGENCE

34. Tracy incorporates each and every allegation above as if fully set forth herein.

35. The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the

4

expertise that the Defendant presented to the community at large.

36. The Defendant, through its agents and employees, breached its duty of care to George.

37. By failing to take appropriate steps to correctly and timely treat George's hepatitis C, including refusing to provide routine drug therapy and regular imaging studies, Defendant failed to exercise that degree of care, skill and learning expected of a reasonable, prudent healthcare provider in the profession or class to which he or she belongs within the state acting in the same or similar circumstances.

38. As a direct and proximate result of Defendant's failure to comply the standard of care, George died.

39. As a result of George's death, his wife and children, Tracy, Dalton and Marshall, have suffered the premature loss of their father and experienced overwhelming grief and sorrow.

40. The acts and/or omissions set forth above would constitute a claim under the law of the State of Arizona.

41. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## COUNT II - VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY

42. Tracy incorporates each and every allegation above as if fully set forth herein.

43. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

44. At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

45. The directors, officers, operators, administrators, employees, agents and staff negligently and/or recklessly, directly and proximately caused George's death,

5

including both acts of omission and acts of commission.

46. As a direct and proximate result of Defendant's negligence, George died.

47. As a direct and proximate result of Defendant's negligence, Tracy, Dalton, and Marshall were forced to watch their husband and father grow horribly sick and die. They have and continue to experience emotional distress, suffering and mental anguish, as well as a loss of the enjoyment of life as they mourn their loss.

48. The acts and/or omissions set forth above would constitute a claim under the law of the State of Maricopa.

49. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## PRAYER FOR RELIEF

**WHEREFORE**, on behalf of herself and her sons, Tracy hereby prays that judgment be entered in favor of Tracy, Dalton, and Marshall against the Defendant as follows:

1) For general damages for pain and suffering;
2) For special damages for lost income as a result of George's untimely death; and
3) For costs and attorneys' fees incurred in this civil action as they may be allowable by law, together with such further and additional relief at law or in equity that this Court may deem proper.

**RESPECTFULLY SUBMITTED** this 28th day of December, 2015.

**RICHARD D. LYONS, PLC**

/s/ Richard D. Lyons
_____

Richard D. Lyons
16427 North Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (480) 471-5615
Facsimile: (480) 443-8854
Email: RLyons@lyonsfirm.com
Attorney for Plaintiffs